UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOE CLINARD,<br><br>    Plaintiff,<br><br>v.<br><br>KAREN WALLACE BOLTON LIVING TRUST, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00975<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

On March 23, 2020, the Court found that it had been well over 90 days since pro se Plaintiff Joe Clinard initiated this action under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and Clinard had not filed proof of service for the defendants as required by Federal Rule of Civil Procedure 4(m). (Doc. No. 8.) The Court ordered Clinard to file proof of service showing that the defendants were served in compliance with Rule 4 or a notice regarding his efforts to serve them by April 10, 2020. (*Id.*) The Court warned Clinard that failure to comply with its order would likely lead to a recommendation that his claims be dismissed without prejudice under Rule 4(m) for failure to effect timely service. (*Id.*) Clinard did not respond to the Court's order, and he has not filed anything in this action since December 2, 2019. (Doc. No. 6.) Accordingly, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

**I.**    **Factual and Procedural Background**

Clinard initiated this action pro se on November 1, 2019, by filing a complaint against Defendants Karen Bolton and the Karen Wallace Bolton Living Trust. (Doc. No. 1.) Clinard

alleges that Bolton, acting on behalf of the trust and without a proper license, violated several provisions of the Truth in Lending Act by offering to sell Clinard a property in Cedar Hill, Tennessee in May 2019—which caused Clinard to move to Tennessee from Indiana—and then revoking that offer on June 26, 2019. (*Id.*) Clinard seeks $153,480.00 in damages. (*Id.*)

Summonses issued to the defendants (Doc. No. 3) and, on November 12, 2019, the Court referred this action to the Magistrate Judge, in part to oversee service of process (Doc. No. 5). The Court informed Clinard, who paid the filing fee for his complaint, that "**he is responsible for effecting service of process on Defendants** in accordance with . . . Rule 4 of the Federal Rules of Civil Procedure." (*Id.* at PageID# 20 (emphasis in original).) The Court also directed Clinard to relevant online resources for accomplishing service. (Doc. No. 5.)

Clinard moved for entry of default as to the defendants on December 2, 2019, alleging that they were served with the complaint and summonses in person and by mail. (Doc. No. 6.) The Clerk of Court denied Clinard's motion because the motion lacked "information, like an affidavit from the process server, regarding the details of the service of process that would allow the Clerk to determine whether the purported personal service met the requirements of the applicable rules . . . ." (Doc. No. 7, PageID# 27.)

On March 23, 2020, the Court found that Clinard had not renewed his motion for entry of default and that the summonses issued to the defendants had not been returned executed. (Doc. No. 8.) The Court further found that it had been over 90 days since Clinard initiated this action. (*Id.*) The Court ordered Clinard "to file, by April 10, 2020, proof of service for the defendants showing that they were served in compliance with Rule 4 or a notice regarding his efforts to serve them." (*Id.* at PageID# 31.) The Court warned Clinard that failure to comply with its order would likely lead to a recommendation that his claims be dismissed without prejudice under Rule 4(m)

2

for failure to effect timely service. (Doc. No. 8.) Clinard has not filed proof of service for the defendants or a notice regarding service and has not filed anything in this action since December 2019.

## II.     Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Rule 4(m) applies equally to . . . pseudonymous defendants." *Searcy v. Cty. of Oakland*, 735 F. Supp. 2d 759, 771 (E.D. Mich. 2010); *see also Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unserved Doe defendants under Rule 4(m)), *abrogated on other grounds by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017). The Court must extend the time

for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.     Analysis**

Clinard has not filed proof of service for the defendants in this action and he failed to file a notice regarding his service efforts by the Court's April 10, 2020 deadline. Clinard therefore missed an opportunity to show that good cause supports further extension of that deadline. Courts considering whether to exercise discretion to permit untimely service in the absence of a showing of good cause may consider a number of factors, including whether:

> (1) a significant extension of time [is] required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant ha[s] actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff ha[s] made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

4

Case 3:19-cv-00975     Document 9     Filed 05/11/20     Page 4 of 6 PageID #: 35

No further extension of the service deadline is warranted here. Although Clinard's claims could be time-barred if he were to raise them in a new action,[1] that fact does not counsel in favor of an extension here, *cf. Overbay v. Israel*, No. 2:16-CV-00337, 2017 WL 1377374, at *5 (E.D. Tenn. Mar. 24, 2017) (finding that lack of prejudice to plaintiff if he were to refile his claims weighed against further extending the Rule 4(m) deadline), *report and recommendation adopted by* 2017 WL 1373885 (E.D. Tenn. Apr. 13, 2017). This lawsuit was filed more than six months ago and any further extension of the service period would be "significant." *Slenzka*, 204 F.R.D. at 326. There is no indication that the defendants—who have yet to appear—have received "actual notice" of this suit. *Id.* Most importantly, Clinard failed to respond to the Court's March 23, 2020 order (Doc. No. 8) and has not shown that he has made good-faith efforts to effect service of process. That order warned Clinard of the Court's obligation to sua sponte dismiss his claims if he failed to effect timely service. (*Id.*) It would be inappropriate for the Court to grant Clinard additional time to effect proper service in the absence of any indication from him that he wants that result. Dismissal is therefore warranted under Rule 4(m). *See* Fed. R. Civ. P. 4(m).

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m) for failure to timely effect service of process.

---

[1]     Although the nature of Clinard's TILA claims is not entirely clear from his complaint, most claims brought under the statute are subject to a one-year statute of limitations that begins to run when the plaintiff enters into the challenged loan agreement. *See Khadher v. PNC Bank, N.A.*, 577 F. App'x 470, 479 (6th Cir. 2014) (quoting 15 U.S.C. § 1692k); *see also Jackson v. First Citizens Bancshares, Inc.*, No. 14-cv-2864, 2015 WL 10818659, at *6 (W.D. Tenn. Apr. 22, 2015) (finding that "a one-year statute of limitations applies to most claims under TILA" but that certain "mortgage-related provisions" afford a three-year limitation period). Clinard alleges that he accepted the offer to purchase the property in Cedar Hill sometime in May 2019 (Doc. No. 1).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11th day of May, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge